IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | §   Case No. 4:22-CR-125 |
| | §   Judge Mazzant |
| JAMES WALKER WATSON, JR. | § |

### **PROTECTIVE ORDER**

Having considered the Government's Unopposed Motion for Protective Order, the Court orders as follows:

1. The Court finds that the Government intends to provide sensitive and confidential information to Counsel for the defendant in this case, and that the information contains sensitive and private personal information related to individuals who are not defendants in this case, as well as the defendant. In light of this, the Government has filed a motion asking the Court to issue a protective order that would allow for the limited disclosure of this type of information to Counsel for Defendant and other individuals on a limited basis, as set forth in the motion.

2. The Court finds that all material disclosed by the Government (by notice or by copy) in this case to Defense Counsel for the defendant ("Defense Counsel") falls within the scope of this Order and is referred to below as "Protected Discovery Material." Defense Counsel shall maintain the Protected Discovery Material in accordance with the terms of this Protective Order and shall use the Protected Discovery Material solely and exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purposes.

3. The following terms govern the handling and maintenance of the Protected Discovery Material in this case:

 a. All material disclosed by the Government (by notice or by copy) in this case to Defense Counsel Spence Douglas Graham ("Defense Counsel") falls within the scope of the proposed order and is referred to below as "Protected Discovery Material." If defense counsel believes that a specific item or items within the discovery should be excepted from the protected discovery material, counsel for the defendant may confer with counsel for Government related to this issue. If the counsel are not able to reach an agreement and defense counsel persists in his position that the discovery material should be personally possessed by the defendant, counsel for the defendant may file a motion with the Court seeking relief;

 b. Defense Counsel shall maintain the Protected Discovery Material in accordance with the terms of the Protective Order and shall use the Protected Discovery Material solely and exclusively in connection with this case (including trial preparation, trial, appeal, or other related legal proceedings) and for no other purposes;

 c. Only the following individuals may access and view the Protected Discovery Material: (i) Defense Counsel; (ii) the defendant, for the sole purpose of assisting in the preparation of his defense and only while the defendant is in the presence of and operating under the direct supervision and control of his Defense

Counsel; (iii) such members of Defense Counsel's staffs as are necessary for the purposes outlined above and only while these staff members are in the offices of and operating under the direct supervision and control of the Defense Counsel; and (iv) any expert or investigator hired to assist Defense Counsel for the purpose of defending the pending charges against the Defendant, only while these individuals are in the offices of and operating under the direct supervision and control of Defense Counsel;

      d.      Defense Counsel may print, copy, or duplicate the Protected Discovery Material only if the printed items, copies, and/or duplicates are kept under the same control as the original Protected Discovery Material. The defendant is not allowed to print, copy, duplicate, or possess copies or originals of the Protected Discovery Material, other than reviewing it for the sole purpose of assisting in the preparation of his defense and only in the presence of and under the direct supervision of his Defense Counsel, as stated above;

      e.      Only Defense Counsel and his staff members may access material stored on a secure cloud storage device used by the United States Attorney's Office to provide discovery to the defendant, such as the USAfx system. Neither the defendant nor any expert witness may use this system;

      f.      Defense Counsel will keep a copy of the Protective Order with the Protected Discovery Material at all times and provide a copy to any staff member, expert, or investigator assisting Defense Counsel in the case; and

g. Upon termination of this matter, Defense Counsel shall destroy the Protected Discovery Material and any electronic or printed items, copies or duplication of the Protected Discovery Material.

**IT IS SO ORDERED.**

**SIGNED this 8th day of August, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE