IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.                          § | Case No. 4:22-CR-125 |
| § | Judge Mazzant |
| JAMES WALKER WATSON, JR.    § | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REHEARING ON PRE-TRIAL DETENTION

Comes now the government and files this Response to defendant's First Amended Motion for Rehearing of Detention and Request for Pre-Trial Release (ECF Dkt. No. 21). Defendant's motion fails to cite any new information that has been learned since Defendant's detention hearing, let alone information that would materially bear on the question of detention. The motion thereby fails the standard found in 18 U.S.C. § 1342(f) and should be denied without a hearing.

### BACKGROUND

Defendant was charged in a three-count indictment on May 12, 2022. The indictment alleged Watson engaged in a wire fraud scheme in which he touted himself as a well-connected entertainment industry insider and concert promoter. He solicited investment funds from a large number of individuals, several of them being elderly women, using various misrepresentations regarding himself, the purported business opportunities, and his use of investor funds. The indictment alleges that when Watson failed to return funds in the promised time frame, he often threatened that without further

1

investment and involvement from the investors, he would never return their funds at all. The indictment alleges that the defendant attempted multiple concerts at South Fork Ranch in Parker, Texas as part of his fraud scheme. But before the indictment was returned, the defendant had relocated to Florida, where he was attempting to hold another concert (as he concedes in his motion). The defendant was arrested during a routine traffic stop in central Florida.

Because he was arrested in Florida, the defendant made his initial appearance before a magistrate judge in the Middle District of Florida. The defendant had the option to have his detention hearing in Florida or to wait and have it in the Eastern District of Texas where the charges were pending. He chose to move forward with a detention hearing in Florida. A full detention hearing including testimony offered by both sides and the admission of several exhibits was held before Magistrate Judge David A. Baker on June 3, 2022. At the hearing, the defendant was represented by counsel (though not his current counsel). At the hearing, the defendant (via counsel) cross-examined the testifying FBI agent, called multiple witnesses of his own, and offered exhibits. A custodian was proposed and examined (notably one of the same custodians as proposed in the defendant's current motion). After a full hearing, Magistrate Judge Baker ordered the defendant detained pending trial based on both community safety and flight concerns.

For completeness, the entirety of the record on defendant's detention motion from Florida is being attached to this motion as follows:

Exhibit A – MDFL Order of Detention Pending Trial

Exhibit B – Transcript of MDFL Detention Hearing

Exhibit C – MDFL Dkt No. 10-1 – USA exhibit 1 – 2010 SDTX Detention Hearing

Exhibit D – MDFL Dkt No. 10-2 – USA exhibit 2 – 2010 SDTX Detention Order Pending Trial

Exhibit E – MDFL Dkt No. 11-1 – Defense Exhibit 1

Exhibit F = MDFL Dkt No. 11-2 – Defense Exhibit 2

Exhibit G – MDFL Dkt No. 11-3 – Defense Exhibit 3

Exhibit H – MDFL Dkt No. 11-4 – Defense Exhibit 4

## LEGAL STANDARD FOR REHEARING

The legal standard for reopening detention under 18 U.S.C. § 3142(f)(2)(B) contains two prongs:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing **and** that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. 3142(f)(2)(B) (emphasis added). A defendant must show (1) that there is information that was not known to the defendant at the time of the detention hearing and (2) that this information has a material bearing on the issues affecting the decision of detention. Defendant's motions fails both requirements.

3

## ARGUMENT

During the detention hearing in Florida the Government offered significant volume of evidence showing that there was no condition or combination of conditions that would reasonably assure the appearance of the defendant as required or the safety of any other person and the community. The government offered two exhibits at the trial: the transcript (attached hereto as Exhibit C) and detention order (Exhibit D) from the defendant's previous conviction for fraud in the Southern District of Texas. These were offered to show the serial pattern of fraud by this defendant and his pattern of non-compliance with court orders (cited by the SDTX Magistrate Judge in ordering detention of Watson pending trial in that case, *see* Exhibit D, at 3). At the detention hearing the government also presented evidence that the defendant has a lengthy criminal history stretching back to 1974 and two previous federal fraud convictions. Exhibit B at 6 . The defendant has no employment other than his concert promotion scheme, no financial ties to the community, no real residence in Texas, Florida, or elsewhere, and a history of non-compliance. Ex. A at 1; Ex. B at 13; Ex. D at 3. Numerous examples of threats were made to victims in this case and in previous cases. Ex. B at 8-11, 36; Ex. C at 31-32. Defendant's motion does not rebut these facts and this evidence.

Defendant's motion amounts to a re-argument, not a presentation of new information, let along new information that "has a material bearing" on the issue of detention. The first factual information provided by the motion pertains to "Character References." The motion indicates that the individuals offered as character references

4

and potential custodians for the defendant knew defendant *before* June 3, 2022, when the previous detention hearing was held. In fact, the length of their friendship with Watson is the crux of the defendant's request for them to be custodians and to be heard as character references. Emma Amaya is claimed to have known defendant for 17 years. Certainly, Ms. Amaya's friendship with the defendant and her ability to serve as a character reference and/or third-party custodian was known to the defendant at the time of the detention hearing. To the extent that Watson or his counsel chose not to offer Ms. Amaya at the detention hearing either as a character witness or a third-party custodian does not impact the right to a re-hearing under 18 U.S.C. 3142(f). The character reference of Ms. Kuykendall is even less relevant to the re-hearing standard. She actually testified at the Florida detention hearing and was put forward as a third-party custodian. Nothing in the motion regarding these character references is information "that was not known to the movant at the time of the hearing." Additionally, nothing here materially bears on this issue of detention. None of these witnesses refute the specific allegations of threats against victim investors, the defendant's repeated criminal behavior, his misleading of supervisors regarding his whereabouts, or any of the other detention-related factors cited by Magistrate Judge Baker in his order of detention.

    The same is true for the remaining portions of defendant's motion: the information was already known to the defendant at the time of the detention hearing and does not materially bear on the question of detention. Mr. Watson's employment in Orlando was known to the defendant at his June detention hearing. Nothing has changed

in this regard since then. The fact that he was self-employed promoting a music festival also does not advance his argument for release. The opposite is true. His continued engagement in music events promotion is a continuation of the conduct for which he has been indicted. If released, he would have almost certainly been excluded for continuing to work in the music promotion business.

The "Other Reasons to Appear" cited by the Defendant were also known to the defendant at the time of the detention hearing and have no bearing on the issue of detention. Being released in order to prepare with your lawyer for trial is not a reason for release. The surgeries the defendant mentions were also clearly known to the defendant at the time of detention hearing, since he admits that they were pre-scheduled before being in custody. They also are not reasons for release.

The remainder of the motion (with sections entitled "18 U.S.C. Section 3142(g)", "The Government's Argument of Flight", and "The 'Least Restrictive' Conditions of Release") are pure re-argument of issues before the court at the original detention hearing. None of these present new information. None of these issues, even if unknown to the defendant at the time of the detention hearing, bear on the detention question. Defendant getting new counsel does not justify a re-do of the detention hearing.

## CONCLUSION

Magistrate Judge Baker's detention decision is solid. It is based on the evidence presented to the court at that hearing. That evidence, which the present motion does not

even attempt to refute, shows that this defendant made threats to the victims who he stole money from.  Ex. A at 1.  Some of these threats were physical and some were meant to intimidate, all were meant to obstruct justice.  *Id*.  Judge Baker found that the evidence "shows a lifestyle of fraud and criminality" in which the defendant "has repeatedly mislead supervising officers as to his whereabouts."  *Id*.

    The defendant was rightly detained pending trial.  Nothing in his motion presents new information that was not known to him at the time of the detention hearing.  And none of the information presented has a material bearing on the issues of flight and community safety that formed the basis of the detention decision.  Based on the foregoing, the Government respectfully requests that the Court deny defendant's First Amended Motion for Rehearing of Detention and Request for Pre-Trial Release (ECF Dkt. No. 21).

    Respectfully submitted,

    BRIT FEATHERSTON
    UNITED STATES ATTORNEY

      /s/ *Brent L. Andrus*
    BY:   BRENT L. ANDRUS
    Assistant United States Attorney
    New York State Bar No. 5143474
    E-mail: Brent.Andrus@usdoj.gov

    THOMAS E. GIBSON
    Assistant United States Attorney
    Texas State Bar No. 07875450
    Email: Tom.Gibson@usdoj.gov

    101 East Park Boulevard, Suite 500

Plano, Texas 75074
972-509-1201
Fax: 972-509-1209

ATTORNEY FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2022, I electronically served a true and correct copy of this document on Defendant's counsel of record by means of the Court's CM-ECF system.

*/s/ Brent L. Andrus*
Brent L. Andrus
Assistant United States Attorney