IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:22-CR-00125 |
| | § | |
| JAMES WALKER WATSON, JR. | § | |

## MOTION FOR RELEASE OF DEFENDANT PENDING SENTENCING

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, James Watson, Jr., moves for release from detention pending sentencing, as follows:

### I.

The Indictment charges the Defendant with three Counts: Count 1-3 Wire Fraud in alleged violation of Title 18 U.S.C. § 1343.

### II.

The Defendant has signed a plea agreement currently on file with the Court and is set for a change of plea hearing for Thursday May 4, 2023 at 9:50am before the Honorable United States Magistrate Judge Nowak. As indicated in the plea agreement, the Defendant intends to change his plea to guilty as to Count 2 of the Indictment.

### III.

Character References

(1) Emma Amaya is a United States citizen, has no criminal history, is a resident of Texas, a homeowner in Texas, and is willing to testify at the change of plea hearing about James Watson's good character. Ms. Amaya has a close friendship with James Watson, Jr. Mrs. Amaya can provide the court details on Mr. Watson's ties to the

community, his kind demeanor, as well as the care, concern and assistance Mr. Watson has provided to her and her family in the seventeen years of their friendship. Mrs. Amaya is willing to testify and provide details about Mr. Watson's calm manner and the absence of any violent, threatening or intimidating behaviors in the treatment of her, as well as any other people she has observed Mr. Watson interact with in the seventeen years she has known him.

Mrs. Amays is a small business owner, who has her own cleaning business, and she has no ties to any music festivals, the music industry, any financial institution, nor to any of the alleged wrongdoing in any of the charges against Mr. Watson. Mrs. Amaya agrees to be a third-party custodian by driving Mr. Watson from work (should the Court allow Mr. Watson to work in an unrelated field) to home and vice versa, as well as driving Mr. Watson to any court appearances or meetings concerning Mr. Watson's release prior to his sentencing date.

Mrs. Amaya further agrees to serve as a surety for Mr. Watson by providing collateral for bail set by the Court in the form of her home located at 509 Birch Cluster Ct., Conroe, Texas 77301. Additionally, Mrs. Amaya agrees to allow Mr. Watson to reside with she and her family at the above noted address. Mrs. Amaya now works part-time and can set her own hours. While she is at work, her husband, Alvaro Amaya, and her adult daughter, Rachel Amaya, will assist as additional third-party custodians by assuring Mr. Watson is following the court's directives. Alvaro Amaya and Rachel Amaya are U.S. citizens with no felony charges and are physically capable and willing to assist Emma Amaya in her duties as third-party custodian.

The Amayas live in Conroe, a northern suburb of Houston. Their home is only 39

miles away from our law offices located at 1210 W. Clay Street, Suite 12, Houston, Texas 77019.   The allegations in this case involve voluminous records, including numerous bank account records, which will be important to review as part of any United States Sentencing Guidelines calculations.   Having Mr. Watson close to our offices will greatly assist in our ability to properly prepare any objections to the Presentence Report, as well as prepare for sentencing in this case.   Mr. Watson's input and examination of said documents is essential to a proper defense analysis in this case.   Mr. Watson is currently housed at Cimmarron Correctional Facility in Cushing, Oklahoma, a location 7.5 hours away from our offices, making regular in-person meetings to review discovery, as well as to go over defense documents, prohibitively difficult.   The Pretrial Services Department in Houston is located at 515 Rusk Street, Houston, Texas 77002, a location only 5 minutes from our law offices.   The Pretrial Services Department in Houston has the means and willingness to monitor this Defendant for any restrictions that the Court deems appropriate (e.g., home confinement, GPS monitoring, Internet restrictions).   We confirmed by phone that Pretrial Services simply requires a courtesy supervision request form to be sent upon the release of a defendant.

## IV.

## Residence

Mrs. Emma Amaya agrees to be a third-party custodian at home by allowing Mr. Watson to live at Mrs. Amaya's home located at 509 Birch Cluster Ct., Conroe, Texas 77301.

## V.

## Other Reasons to Appear

Mr. James Watson, Jr. is a US citizen. Mr. James Watson, Jr. knows that failing to appear may constitute an additional crime for the government to file on top of the wire fraud charges. He also knows that if released he more easily can assist his attorney to prepare for sentencing. Furthermore, Mr. Watson suffers from heart and other health concerns. Mr. Watson was scheduled for multiple surgeries for non-life threatening but still serious conditions for both his eyes and his knee, which have been rescheduled and cancelled due to his incarceration. In his current housing situation, treatment for these conditions will not be possible. Because of Mr. Watson's ongoing health concerns, he will need to return to the care of a cardiologist upon release prior to sentencing. These are additional reasons for Mr. Watson to be motivated to comply with all court directives and to remain available for any and all court appearances.

VI.

18 U.S.C. Section 3142(g)

Title 18 U.S.C. Section 3142 (g) lists many factors for the Court to consider before ordering detention, including whether the charged offense involves violence or drugs and whether the defendant was on probation or parole at the time of the charged offense. These factors support release, not detention, in Mr. Watson's case. Mr. Watson is 67 years of age, has a compromised immune system and is incarcerated, endangering him due to a higher risk of exposure to Covid-19. Mr. Watson is charged with financial crimes with no indicted allegations of threats or violence, and certainly no allegations involving drugs.

VII.

The Governement's Argument of Flight

There is no indication that Mr. Watson alluded law enforcement in any way. To

the contrary, the Indictment in this case was filed May 12, 2022, in the Eastern District of Texas, Sherman Division, and Mr. Watson was arrested on May 30, 2022, halfway across the country without incident. Furthermore, FBI Agent Whitley never attempted to locate or contact Mr. Watson to discuss these allegations. Mr. Watson was never made aware of the allegations or the Indictment until his arrest on May 30, 2022. The only allegations with regard to flight risk that the government can point to are that the alleged victims having difficulty communicating with Mr. Watson.

VIII.

The "Least Restrictive" Conditions of Release

If necessary, the Court has an arsenal of conditions short of detention that will help assure Mr. Watson's appearance at trial, including the following:

A. <u>Bond</u>. Mr. James Watson, Jr. will sign a bond in any amount. In addition, his proposed sureties, Emma Amaya and Ann Marie Kuykendall will sign a bond on his behalf. Both Mrs. Amaya and Ms. Kuykendall, who own their own residences as noted above agrees to co-sign on the bond.

B. <u>Cash Deposit</u>. Mr. James Watson, Jr.'s sureties will be willing to pay cash to be deposited into the Court's Registry. Although the cash deposits will place a hardship on Mr. Watson's sureties, they offer this as a cash deposit to the Court.

C. <u>Other Conditions</u>. Mr. James Watson, Jr. understands and will agree to any conditions the Court might impose, such as home confinement, a curfew, travel restrictions, reporting to pretrial services, and electronic monitoring.

IX.

Conclusion

The Pretrial Services Department in the Middle District of Florida conducted interviews and produced a report recommending release. That recommendation has been updated in the Eastern District but is based solely on the original detention ruling. Pretrial Services in the Eastern District has conducted no follow-up interviews or investigation to give rise to the changed recommendation.

The Defendant is now moving for release pending sentencing for all of the above stated reasons.

Respectfully submitted,

_____
Spence D. Graham
TBN 24036665
1210 W. Clay Street, Suite 12
Houston TX 77019
Tel (713) 229-9992
Fax (713) 229-9996
Email: graham_spence@sbcglobal.net
**Attorney for Defendant**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered via ELECTRONIC MAIL on this the 3rd day of May 2023.

Spence D. Graham
TBN 24036665
1210 W. Clay Street, Suite 12
Houston TX 77019
Tel (713) 229-9992
Fax (713) 229-9996
graham_spence@sbcglobal.net
**Attorney for Defendant**

CERTIFICATE OF CONFERENCE

The foregoing Motion was discussed with Assistant United States Attorneys Brent Andrus.   The Governments' position is as follows:   Opposed.

Dated:   May 3, 2023

Spence D. Graham
TBN 24036665
1210 W. Clay Street, Suite 12
Houston TX 77019
Tel (713) 229-9992
Fax (713) 229-9996
graham_spence@sbcglobal.net
**Attorney for Defendant**