IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 4:22-CR-00125 |
| | § | |
| JAMES WALKER WATSON, JR. | § | |

## FIRST AMENDED MOTION FOR RELEASE OF DEFENDANT PENDING SENTENCING

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, James Watson, Jr., moves for release from detention pending sentencing, as follows:

I.

The Indictment charges the Defendant with three Counts: Count 1-3 Wire Fraud in alleged violation of Title 18 U.S.C. § 1343.

II.

The Defendant pled guilty at a change of plea hearing on Thursday May 4, 2023, before the Honorable United States Magistrate Judge Nowak. The Defendant changed his plea to guilty as to Count 2 of the Indictment.

III.

18 U.S.C. Section 3143(a)

Title 18 U.S.C. Section 3143(a) outlines that release under 18 U.S.C. Section 3142(b) (personal recognizance) or (c) (release with conditions) is required if the "judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. Section 3143. When presented the Motion for Release Pending Sentencing at the

change of plea setting on May 4, 2023, United States Magistrate Judge Nowak stated on the record that this would be a matter that must be presented to Judge Mazzant, and that she could not grant the relief requested. Judge Nowak consequently denied the requested relief. Therefore, we respectfully request a hearing date before Judge Mazzant to present the evidence that demonstrates by a clear and convincing standard that James Watson, Jr. poses no flight risk and no danger to any other person or the community if released. Since the filing of the original motion for release pending sentencing, Mr. Watson has met with counsel, as well as a representative of the United States Probation Department, Officer Matheny on June 8, 2023. Through no fault of the Probation Department, but due to the large caseload and backlog generated in the wake of the Covid-19 pandemic, the initial PSR has yet to be completed. Therefore, we respectfully request the Court to entertain the request for release given the long wait time for the Defendant in custody, the Defendant's medical conditions, as well as the correction of information that the Defense will outline below.

IV.

18 U.S.C. Section 3142(c) and 3143(c)

18 U.S.C. Section 3142(g) lists many factors for the Court to consider in assessing release under 3142(b) or (c), including whether the charged offense involves violence or drugs and whether the defendant was on probation or parole at the time of the charged offense. The same factors examined by the Court for Pretrial release under 3142(b) or (c) are also reviewed for release determination prior to sentencing under 3143(c). These factors support release prior to sentencing in Mr. Watson's case. We are asking the Court to release Mr. Watson under 3142(c) and 3143(c), release with conditions, rather

than on his own personal recognizance.  Mr. Watson is 67 years of age, has a compromised immune system and is incarcerated, endangering him due to a higher risk of exposure to Covid-19.  Mr. Watson is charged with financial crimes with no indicted allegations of threats or violence, and certainly no allegations involving drugs.

### Character References

(1)     Emma Amaya is a United States citizen, has no criminal history, is a resident of Texas, a homeowner in Texas, and is willing to testify at the hearing on this motion about James Watson's good character.  Ms. Amaya has a close friendship with James Watson, Jr.  Mrs. Amaya can provide the court details on Mr. Watson's ties to the community, his kind demeanor, as well as the care, concern and assistance Mr. Watson has provided to her and her family in the seventeen years of their friendship.  Mrs. Amaya is willing to testify and provide details about Mr. Watson's calm manner and the absence of any violent, threatening or intimidating behaviors in the treatment of her, as well as any other individuals she has observed Mr. Watson interact with in the seventeen years she has known him.

Mrs. Amays is a small business owner, who has her own cleaning business, and she has no ties to any music festivals, the music industry, any financial institution, nor to any of the alleged wrongdoing in any of the charges against Mr. Watson.  Mrs. Amaya agrees to be a third-party custodian by driving Mr. Watson from work (should the Court allow Mr. Watson to work in a field of work unrelated to the entertainment industry) to home and vice versa, as well as driving Mr. Watson to any court appearances or meetings concerning Mr. Watson's release prior to his sentencing date.

Mrs. Amaya further agrees to serve as a surety for Mr. Watson by providing

collateral for bail set by the Court in the form of her home located at 509 Birch Cluster Ct., Conroe, Texas 77301. Additionally, Mrs. Amaya agrees to allow Mr. Watson to reside with she and her family at the above noted address. Mrs. Amaya now works part-time and can set her own hours. While she is at work, her husband, Alvaro Amaya, and her adult daughter, Rachel Amaya, will assist as additional third-party custodians by assuring Mr. Watson is following the court's directives. Alvaro Amaya and Rachel Amaya are U.S. citizens with no felony charges and are physically capable and willing to assist Emma Amaya in her duties as third-party custodian.

The Amayas live in Conroe, a northern suburb of Houston. Their home is only 39 miles away from our law offices located at 1210 W. Clay Street, Suite 12, Houston, Texas 77019. The allegations in this case involve voluminous records, including numerous bank account records, which will be important to review as part of any United States Sentencing Guidelines calculations, and any objections required to be made to the Presentence Report. Having Mr. Watson close to our offices will greatly assist in our ability to properly prepare any objections to the Presentence Report, as well as prepare for sentencing in this case. Mr. Watson's input and examination of said documents is essential to a proper defense analysis in this case. Mr. Watson is currently housed at Cimmarron Correctional Facility in Cushing, Oklahoma, a location 7.5 hours away from our offices, making regular in-person meetings to review discovery, as well as to go over defense documents, prohibitively difficult. The Pretrial Services Department in Houston is located at 515 Rusk Street, Houston, Texas 77002, a location only 5 minutes from our law offices. The Pretrial Services Department in Houston has the means and willingness to monitor this Defendant for any restrictions that the Court deems appropriate (e.g., home confinement,

GPS monitoring, Internet restrictions). We confirmed by phone that Pretrial Services simply requires a courtesy supervision request form to be sent upon the release of a defendant.

IV.

Residence

Mrs. Emma Amaya agrees to be a third-party custodian at home by allowing Mr. Watson to live at Mrs. Amaya's home located at 509 Birch Cluster Ct., Conroe, Texas 77301.

V.

Other Reasons to Appear

Mr. James Watson, Jr. is a US citizen. Mr. James Watson, Jr. knows that failing to appear may constitute an additional crime for the government to file on top of the wire fraud charges. He also knows that if released he more easily can assist his attorney to prepare for sentencing. Furthermore, Mr. Watson suffers from heart and other health concerns. Mr. Watson was scheduled for multiple surgeries for non-life threatening but still serious conditions for both his eyes and his knee, which have been rescheduled and cancelled due to his incarceration. In his current housing situation, treatment for these conditions will not be possible. Because of Mr. Watson's ongoing health concerns, he will need to return to the care of a cardiologist upon release prior to sentencing. These are additional reasons for Mr. Watson to be motivated to comply with all court directives and to remain available for any and all court appearances.

## VII.

## The Governement's Argument of Flight

There is no indication that Mr. Watson alluded law enforcement in any way. To the contrary, the Indictment in this case was filed May 12, 2022, in the Eastern District of Texas, Sherman Division, and Mr. Watson was arrested on May 30, 2022, halfway across the country without incident. Furthermore, FBI Agent Whitley never attempted to locate or contact Mr. Watson to discuss these allegations. Mr. Watson was never made aware of the allegations or the Indictment until his arrest on May 30, 2022. The only allegations with regard to flight risk that the government can point to are that the alleged victims having difficulty communicating with Mr. Watson. Mr. Watson has cooperated in past cases where he has been released and was ordered back into custody. In reviewing case number 2:02-CR-00160, a case out of the Eastern District of California, Mr. Watson began serving his time on that case in 2002, and then sought to modify the conditions of his supervised release in October 2008 to allow him to work in the entertainment industry. Following his defense motion and prior to the Court's ruling on said motion, Mr. Watson was taken back into custody and ultimately had his supervised release revoked. While in custody on the supervised release violation, he was transferred from BOP to Los Angeles County to resolve a state charge in 2009. In the Government's presentation of evidence at the original detention hearing in this case, Judge Baker of the Middle District of Florida, was provided information regarding Mr. Watson being outside of California. However, the records show from the docket report on 2:02-CR-00160 that Mr. Watson made all required court appearances, and was scheduled to return to court on October 20, 2008 when the warrant was issued to revoke his supervised release. Mr. Watson was then located without

incident on the warrant where the Court knew him to be in Los Angeles County. Mr. Watson was sentenced on the California case in 2002 where he remained in custody for his full sentence, was released on supervised release, and then stayed in custody until 2010, when he moved to Texas following his release from BOP custody. Mr. Watson was on supervised release in the years leading up to the allegations in these instant cases out of Southern District of Texas, and during a large amount of that time obtained approval from the United States Attorney's Office, the United States Probation Department, and the United States District Judge Gray Miller, to reside in the Dallas area, without incident. This time period shows a clear example of how Mr. Watson poses no risk of flight, and furthermore that he has a pattern of properly following the directives of federal supervision.

VIII.

The "Least Restrictive" Conditions of Release

If necessary, the Court has an arsenal of conditions short of continued detention while awaiting sentencing that will help assure Mr. Watson's appearance at trial, including the following:

A. <u>Bond</u>. Mr. James Watson, Jr. will sign a bond in any amount. In addition, his proposed sureties, Emma Amaya and Ann Marie Kuykendall will sign a bond on his behalf. Both Mrs. Amaya and Ms. Kuykendall, who own their own residences as noted above agrees to co-sign on the bond.

B. <u>Cash Deposit</u>. Mr. James Watson, Jr.'s sureties will be willing to pay cash to be deposited into the Court's Registry. Although the cash deposits will place a hardship on Mr. Watson's sureties, they offer this as a cash deposit to the Court.

C. <u>Other Conditions</u>.  Mr. James Watson, Jr. understands and will agree to any conditions the Court might impose, such as home confinement, a curfew, travel restrictions, reporting to pretrial services, and electronic monitoring.

IX.

<u>Conclusion</u>

The Pretrial Services Department in the Middle District of Florida conducted interviews and produced a report recommending Pretrial release.  That recommendation has been updated in the Eastern District but is based solely on the original detention ruling.  Pretrial Services in the Eastern District has conducted no follow-up interviews or investigation to give rise to the changed recommendation.

The Defendant is now moving for release pending sentencing for all of the above stated reasons.

Respectfully submitted,

_____
Spence D. Graham
TBN 24036665
1210 W. Clay Street, Suite 12
Houston TX 77019
Tel (713) 229-9992
Fax (713) 229-9996
Email: graham_spence@sbcglobal.net
**Attorney for Defendant**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered via ELECTRONIC MAIL on this the 6th day of December 2023.

 

_____
Spence D. Graham
TBN 24036665
1210 W. Clay Street, Suite 12
Houston TX 77019
Tel (713) 229-9992
Fax (713) 229-9996
graham_spence@sbcglobal.net
**Attorney for Defendant**

CERTIFICATE OF CONFERENCE

The foregoing Motion was discussed with Assistant United States Attorneys Thomas Gibson. The Governments' position is as follows: Opposed.

Dated: December 6, 2023

_____
Spence D. Graham
TBN 24036665
1210 W. Clay Street, Suite 12
Houston TX 77019
Tel (713) 229-9992
Fax (713) 229-9996
graham_spence@sbcglobal.net
**Attorney for Defendant**