# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:22-CR-125-ALM-AGD |
| § | |
| JAMES WALKER WATSON, JR. § | |

### ORDER DENYING DEFENDANT'S FIRST AMENDED MOTION FOR RELEASE PENDING SENTENCING

Pending before the Court is the Defendant's "First Amended Motion for Release of Defendant Pending Sentencing" (Dkt. #38). Having considered the Defendant's motion and the Government's response thereto (Dkt. #39), the Court finds the motion should be **DENIED**.

### I. BACKGROUND

The Defendant was charged in a three-count indictment with violations of 18 U.S.C. § 1343 (Wire Fraud) on May 12, 2022. On May 4, 2023, the Defendant entered a plea of guilty to count two of the indictment. Thereafter, on December 7, 2023, the Defendant filed the instant motion.

The Defendant was arrested in Florida on the instant indictment in May 2022. The Defendant appeared for an initial appearance in the Middle District of Florida. Although the Defendant waived his identity hearing, he opted to proceed with his detention hearing in Florida. A full detention hearing was conducted in Florida on June 3, 2022. The Defendant introduced two witnesses at the detention hearing, Ann Marie Kuykendall and John Griffin. At the conclusion of the detention hearing, United States Magistrate Judge David A. Baker ordered the Defendant detained. In his order of detention pending trial, Judge Baker found as follows:

> The government has presented clear and convincing evidence of threats by the Defendant against witnesses and alleged victims in this and prior cases. Some of these threats were physical and others appear intended to intimidate. Both represent a danger of obstruction of justice. In addition, the defendant, whose record shows a lifestyle of fraud and criminality, has repeatedly mislead supervising officers as to his whereabouts. Although defendant offered testimony from a potential third-

party custodian, his community ties are slim, consisting primarily of another planned music event. Because of his history of using such events to carry out fraudulent schemes, this connection to Central Florida provides little or no comfort as regards [to] his ties to the community. Accordingly, the Court concludes:

> No condition or combination of conditions of release will reasonably assure the appearance of the defendant as required or the safety of any other person and the community.

Thereafter, on October 4, 2022, the Defendant filed his motion for rehearing of detention and request for pretrial release (Dkt. #19). The court denied the Defendant's motion because it did not include any applicable legal authority for his request or the applicable legal standard. On October 28, 2022, the Defendant filed his first amended motion for rehearing of detention and request for pretrial release (Dkt. #21). In his motion, the Defendant moved to reopen the detention hearing to offer a new witness, Emma Amaya, because she was unable to attend the detention hearing in Florida. Additionally, the Defendant moved to recall Ann Marie Kuykendall, the Defendant's fiancé. The Defendant argued that both witnesses were willing to serve as third-party custodians. The Defendant further stated that he was prepared to seek gainful employment that had no ties to the indictment. The Defendant requested that the court consider his medical issues when making its determination. The Government opposed the motion. On April 18, 2023, the magistrate judge denied the Defendant's motion because the grounds enumerated in the motion did not meet the standard for reopening the detention hearing. (Dkt. #29).

On May 3, 2023, the Defendant filed his motion for release pending sentencing (Dkt. #30). In his motion for release, the Defendant argued that because he had signed a plea agreement and was scheduled for a change of plea hearing on May 4, 2023, he should be released pending sentencing. The Defendant then put forth, again, the same evidence in support of his motion that he had previously provided. At the Defendant's change of plea hearing on May 4, 2023, the magistrate judge orally denied the Defendant's motion. According to the Defendant, the

magistrate judge advised him that she could not rule on his motion for release pending sentencing and he would need to seek such relief from the undersigned.

Now, the Defendant is moving for release pending sentencing in his instant motion. The Defendant again offers Ms. Amaya as a character witness and third-party custodian. Additionally, the Defendant argues that due to his age (67) and his compromised immune system, he is at a higher risk of exposure to COVID-19 while incarcerated. The Defendant again raises additional health concerns, as well as his desire to assist his counsel in preparing for his sentencing hearing. The Government opposes the Defendant's motion.

## II. LEGAL STANDARD

18 U.S.C. § 3142(f)(2)(B) sets forth in relevant part:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B).

Courts may deny a motion to reopen detention because the evidence proffered is not new or because it would not have material bearing on the detention decision. *See United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *accord United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("It cannot therefore be said that [the witnesses'] testimony was newly discovered or previously unavailable."). "Courts interpreting 'new and material information' for purposes of § 3142(f) require 'truly changed circumstances, something unexpected, or a significant event,' and courts have interpreted the requirements of this provision strictly" such that a "defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *United States v. Jacob*, No. CR 21-31, 2023 WL 2867324, at *5 (E.D. La. Apr. 10, 2023)

3

(citations omitted). Accordingly, courts have interpreted 18 U.S.C. § "3142(f)'s 'not known to the movant at the time of the hearing' 'language to mean not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person.'" *United States v. Munguia*, No. 3:19-cr-191-B, 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020).

As to whether evidence has "material bearing," new evidence "must relate in some *significant* or *essential* way to the decision whether to detain." *Worrell*, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)) (emphasis in original); *see also United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015) ("[T]he purpose of [18 U.S.C. § 3142(f)(2)(B)].. . . is to allow parties to present unknown information that increases the chances the defendant appears for their criminal hearing, or decrease the danger the defendant poses to an individual or the community as a whole.").

### III. ANALYSIS

As noted by the magistrate judge in the order denying the Defendant's first amended motion for rehearing of detention and request for pretrial release, the Defendant has not offered new evidence as is required to reopen a detention hearing. The Defendant previously offered Emma Amaya as a character witness and third-party custodian in an effort to reopen his detention hearing. However, the magistrate judge denied the Defendant's request. Likewise, the same is true with respect to the Defendant's health conditions. The Defendant's health issues are not new – they were already considered, and rejected, by the magistrate judge. Since the Defendant cannot meet the burden to reopen his detention hearing, the motion should be, and is therefore, **DENIED**.

## IV. CONCLUSION

Based on the foregoing, the Defendant's "First Amended Motion for Release of Defendant Pending Sentencing" (Dkt. #38) is **DENIED**, and the Defendant shall remain **DETAINED** pending sentencing.

**IT IS SO ORDERED**.

**SIGNED this 17th day of January, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE